## THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, PLAINTIFFS IN ERROR *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*General railroad act — chap.* 140 *of* 1850 — *power of railroad to cross highways — manner of doing so, left to its discretion.*

The general railroad act of this State provides that "whenever the track of a railroad company * * * shall cross * * * a highway, * * * such highway * * * *may be carried under or over the track, as may be found most expedient;*" and that the company shall restore "the highway, * * * thus intersected or touched, to its former state, or to such state as not unnecessarily to have impaired its usefulness." *Held,* that the determination of the question as to the expediency of carrying the highway over or under the track was left to the railroad company; and that its decision thereon could not be reviewed by a court or jury.

An indictment against the company for a nuisance in obstructing a highway, founded solely upon the fact that it had been carried over the track upon a bridge and embankment, cannot be maintained.

If the company fail to restore the road to its former state or condition, or to such state as not unnecessarily to impair its usefulness, the proper remedy is to apply for a *mandamus* compelling it to perform the omitted acts.

*Quære,* whether an indictment distinctly charging the omission of the acts which it might and ought to have done, for the purpose of properly restoring the highway, would lie.

WRIT OF ERROR to review a judgment of the Court of Oyer and Terminer in Monroe county adjudging "that the defendant abate the said nuisance" (alleged in the indictment, viz., the construction of its road over a highway) " by entirely removing the same from the said highway at their own cost and expense within sixty days from this date or within sixty days after final judgment, and in default thereof the defendant be, and it hereby is, sentenced to pay a fine of two thousand dollars, and that the usual process of this court as against corporations be issued to collect the same, and in case the defendant does not abate the said nuisance, then it is ordered that the usual process issue to the sheriff of Monroe county directing him to abate the said nuisance, and that the costs and expenses thereof be paid out of the fine as aforesaid imposed."

Also, an appeal from a judgment denying the appellants' motion for a new trial.

*E. Harris*, for plaintiffs in error. The statute gives the option to the company to carry the highway under or over. The company is to elect as to the mode of crossing. (*Regina, etc.,* v. *The South-Eastern Railway Co.*, 6 Eng. L. & Eq. Rep., 214; S. C., 20 Law J. [N. S.], Q. B., 428.) The statute having permitted the company to carry the highway over the track, it cannot be convicted of a nuisance therefor. (*Crittenden* v. *Wilson*, 5 Conn., 165–167; *People* v. *Platt*, 17 Johns., 195*; *Harris* v. *Thompson*, 9 Barb., 350–364; *Trustees, etc.,* v. *U. and S. R. R. Co.*, 6 id., 313; *Hentz* v. *Long Island R. R. Co.*, 13 id., 646; *Williams* v. *N. Y. C. R. R. Co.*, 18 id., 222; *Robinson* v. *N. Y. and Erie R. R. Co.*, 27 id., 512, 520; *Renwick* v. *Morris*, 7 Hill, 575.)

*A. McDonald*, for the defendants in error. Any permanent obstruction unlawfully maintained in a highway is a public nuisance, subject to indictment. (2 Wharton's Precedents, 674, note; *Davis* v *The Mayor*, 14 N. Y., 524; *The People* v. *Cunningham*, 11 Denio, 524.) The right of the public to pass and repass on the highway is paramount, and hence the grant to the railroad company must be strictly construed. (*The People ex rel.* v. *Del. and H. R. R.*, 58 N. Y., 152; *Cott* v. *The L. R. R. Co.*, 36 id., 216.) The grant is to occupy and use plank-roads, turnpikes and streams, on exactly the same conditions, viz., a continuing liability " to restore the highway, stream, etc., to its former state, or to such state as not necessarily to have impaired its usefulness." Whenever the railroad corporation ceases to fulfill that condition, it forfeits its right to occupy and use the highway, and that this condition is absolute and is in no way dependent upon the proper or improper use of the discretion given by section 24, or upon whether such exercise of discretion was in good faith or not. (3 Fay's Digest Laws N. Y., 206, § 30; Laws of 1850, chap. 140, § 28; 1 Redf. on Railways, 417–423, note; 2 id., 401–409; *The People ex rel.* v. *Boston R. R.*, 37 How. Pr. R., 427; *Cott* v. *Lewiston R. R.*, 36 N. Y., 214; *Worster* v. *Forty-second Street R. R.*, 50 id., 205; *Mahon* v. *N. Y. C. R. R.*, 24 id., 661; *Reg.* v. *B. and G. R. Co.*, 2 Ald. & Ellis [N. S.], 47; *Atty.-General* v. *D. C. R. R.*, 3 Law Rep. [N. S.], 608; *The Wardens* v. *L. C. D. R. R.*, 7 Jurist [pt. 1], 453; *Troy and Boston R. R.* v. *Northern R. R.*, 16 Barb., 105.)

TALCOTT, J. :

The writ of error in this case brings up a record of the conviction of the plaintiffs in error for a nuisance for obstructing a highway in the town of Sweden, by causing the said highway to be carried by means of a bridge and embankment over the railroad track of the plaintiffs in error. From the charge of the court recited in the judgment, it must be taken that the jury found the whole affair, carrying the highway over and across the railroad by means of said bridge and embankment, was in and of itself a nuisance, and judgment has been rendered in the case that the defendant abate the said nuisance, by entirely removing the same from the said highway at their own cost and expense, within sixty days after final judgment, or in default thereof, that the defendant pay a fine of $2,000, and that the sheriff abate the nuisance, so that, in fact, the defendant has been convicted of a nuisance for completing the crossing of a highway, by carrying the highway over the railroad by means of an embankment and a bridge. Under ordinary circumstances and in the absence of any legislative grant, such a public obstruction in a public highway would, without doubt, constitute a nuisance, and would subject the offender to an indictment, but the plaintiffs in error claim a legislative grant to do the act in question.

By the general railroad act (Laws of 1850, chap., 140) it is provided, in section 24, that " whenever the track of a railroad constructed by a company formed under this act shall cross * * * a highway * * * such highway * * * may be carried under or over the track, as may be found most expedient * * * ." By section 28 of the same act it is provided that the corporation formed under the said act shall have power (sub. 5) " to construct their road across, along or upon any * * * highway * * * which the route of its road shall intersect or touch, but the company shall restore the * * * highway * * * thus intersected or touched to its former state, or to such state as not unnecessarily to have impaired its usefulness."

And the presiding judge at the Oyer and Terminer seems to have proceeded upon the theory, that this obligation to restore the highway to such state as not unnecessarily to have impaired its usefulness, was in the nature of a condition precedent to the exercise of

the right to cross the highway at all, and therefore he instructed the jury as follows: "The main question is, whether the mode of crossing the highway, to wit, by means of the embankment and bridge, by which the highway is taken above its former level and is carried over the railroad track at a height of several feet, whether that, in, and of itself, is a nuisance, by reason of the obstruction it presents to travel   *   *   *   .   I submit to you in the first place this proposition.   If the question as to the most expedient mode of crossing the highway at this particular place is simply a question in respect to which different engineers, of ordinary capacity, skill and experience in the business of laying out railroads would honestly differ in opinion, having regard as well to the effect of the proposed crossing upon the condition and usefulness of the highway as to the interests of the railroad company, then the mode adopted cannot be regarded as a nuisance, in and of itself, although the jury should be of opinion that it was not the most expedient one.   *   *   *
The statute to which I have adverted says to them in express terms:  . ' You can cross the highway over or under as is most expedient; you can cross it in any way, provided you do not unnecessarily impair the usefulness of the highway.   That condition you must observe.   *   *   *   On the other hand, I submit to you as a proposition of law, that if it appears by the evidence, that in deciding upon the mode of crossing the point in question the interests of the company alone were consulted, and due attention was not paid to the condition of the highway or the rights of the public in the use of the highway, and that the mode adopted had and continues to have the effect to unnecessarily impair the former condition and usefulness of the highway, then the jury will be warranted in finding the defendant generally guilty under the indictment, guilty of maintaining a nuisance in that mode of crossing under such circumstances."

To this instruction the plaintiffs in error excepted, and this exception presents the main question in the case.

The indictment is for carrying the highway over the tracks instead of under it, or at grade, that is, upon a level with the highway.   The statute, as we have seen, gives the railroad company the power to carry the highway over or under the track, " as may be found most expedient."   Found by whom ?   There is no tribunal named in the act for determining the question of expediency, or

which course will be the most expedient, clearly as it seems to me, the railroad company is to determine that question; and when it has determined it in good faith, though it may, in the opinion of the jury, have erroneously determined the question as to the relative expediency of the mode of crossing, can its judgment be reversed by a jury? It seems to me not. The legislature of the State, whether wisely or unwisely, have conferred upon the railroad company the power of determining the question, and no appeal from the determination of the company is provided by the law either to a court or jury. If left to be determined by a jury after the company has deliberately determined the mode of crossing the highway, by adopting one of the alternatives authorized by the statute, one jury might determine that the manner of crossing, which would least impair the former usefulness of the highway, would be by crossing under the grade of the highway; another, by having the highway cross above the track, and still another might conclude that the most expedient method of crossing the highway would be at grade. It seems to me that the legislature has seen fit to confer the exclusive power to determine the question as to the relative expediency of the mode of crossing, upon the railway company, deeming the provision requiring the railway company to restore the highway so as not to have *unnecessarily* impaired its usefulness, a sufficient protection to that portion of the public which has occasion to use the highway for purposes of ordinary travel.

That the usefulness of the highway as such may, to some extent, be impaired by a railroad crossing, the statute impliedly concedes. If the railroad company fail, as far as possible, to restore the highway to its former condition, a *mandamus*, which shall direct the company what shall be done to complete such restoration, as in *The People* v. *The Duchess and Columbia Railroad Company* (58 N. Y., 152), may be issued to compel the performance of the omitted duty, or perhaps the railroad company may be subjected to an indictment, distinctly charging the acts which it might and ought to have done for the purpose of restoring the highway.

But I do not think the remedy is to be found in an indictment for a nuisance, founded on the manner of crossing, when, as I construe the statute, the railroad company has the exclusive power of determining that manner, and when it has been by it determined

that the particular mode selected is the "most expedient" it has the warrant of the legislature for crossing the highway in that particular manner.

These views lead to a reversal of the conviction and judgment, and if correct there is no occasion for a re-trial of the indictment.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment and conviction reversed.